UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN THE MATTER OF THE APPLICATION
OF GALINA WEBER,

       Petitioner,

v.                                      CASE NO.: 3:07-MC-27-J-32TEM

FOR DISCOVERY FROM LAZAR S.
FINKER, an individual, RAISSA M.
FRENKEL, an individual, STEVEN
CHARLES KOEGLER, an individual,
WILLIAM E. CHATTIN, an individual,
THEODOROS J. KAVALIEROS, an
individual, AFRODITI KAVALIEROS,
an individual, and IGOR V. MAKAROV,
an individual,

       Respondents.
_____

**RESPONDENTS' CORRECTED AND AMENDED OPPOSITION
TO MOTION TO COMPEL DISCOVERY (DKT. #2)**

      Lazar S. Finker, Raissa M. Frenkel, Steven Charles Koegler, William E. Chattin, Theodoros J. Kavalieros and Afroditi Kavalieros, by their undersigned counsel, oppose Petitioner's motion to compel discovery against them.

      **A.**    **Petitioner's individual discovery requests are outside
the scope of discovery under the United States-Swiss
Treaty and Section 1782(a)**

      Galina Weber seeks the assistance of this Court with discovery pursuant to 28 U.S.C. § 1782(a) regarding a Swiss criminal case initiated against her by GASITERA

Suisse AG and pending before a Swiss Magistrate; and a Cyprus civil action brought by her against Itera Group Ltd. LLC, Limassol, Igor V. Makarov, Limassol and Sweet Water Intervert Corporation of the British Virgin Islands. While Mr. Makarov has raised this Court's lack of jurisdiction over him in the Motion to Dismiss or Alternatively Opposition to Petition (Dkt. # 10), this motion raises the same allegations as to his residence in this district and service. As shown by Exhibit 4, attached to Dkt.# 10, 832 A1A North, Suite 16, Ponte Vedra Beach, is not a residence. The Petitioner's claimed service is ineffective. The service upon Mr. Makarov must be personal and is not.

Galina Weber's claim that all eight requested categories in her First Request for Production are relevant to both foreign proceedings is incorrect. The Swiss criminal complaint alleges the criminal taking of real property owned by GASITERA called Burg Waldegg that Galina Weber, her husband and brother-in-law claim to be legitimate because they have in their possession a valid power of attorney and documentation that Galina Weber was owed $4,800,000 US as payment of a dividend ("second tranche"). See. Dkt. #10, Exhibit 1(Muller Aff.). Without alleging anything about the "second tranche" dividend or claiming any relief regarding it,[1] the Cyprus civil action has as its factual basis and issues the increase in capitalization of Itera Group's stock.

Petitioner has invoked the Federal Rules of Civil Procedure to obtain discovery. At the outset, 28 U.S.C. § 1782(a) does not require this Court to order that the documents to be produced follow the procedures of the Federal Rules of Civil

---

[1] In her Petition Galina Weber merges the facts of the two cases into a specific storyline, however, each proceeding is separate and is defined by its own pleadings.

Procedure. In this case it should not. The scope of discovery is not determined by F.R.Civ P, Rule 26(b). The statute limits the production of documents to those that are "for use in a proceeding in a foreign ... tribunal." The operative limitation is <u>for use</u> in a specified proceeding. In this Petition the scope of discovery is defined by the pleadings of each individual proceeding and their use in the foreign proceeding. The requests are also improper because they are not clear and precise, employ boilerplate definitions and instructions, and the categories fail to describe the items to be produced "with reasonable particularity." F.R.Civ.P. 34(b). See also Middle District Discovery (2001) at III (A)(1) and (2).

Respondents incorporate their response to the Petition for Discovery in Aid of Foreign Proceedings into this opposition to this Motion to Compel.

**(1)** **<u>The Swiss criminal case discovery is controlled by Treaty</u>**

The Swiss criminal case has a defined scope of the dividend payment of the "second tranche." The time of the alleged dividend is May 2005 (when authorized) and June 2005 (when paid). See, Müller Affidavit, ¶ 8(vii). The period of time is less than one (1) month. The requests for documents for the period January 1, 2003 (or January 1, 2004 as to request #8) to the present are far too wide. It is also notable that Galina Weber alleges in her Petition the Itera Group Ltd. LLC, Limassol was incorporated in August 2004. How could there be an Itera Group dividend issue *before* the corporation was incorporated in Cyprus? In seeking assistance in discovery related to the Swiss criminal case, Galina Weber is the stalking horse for her co-defendants. By defining "Galina Weber" in the manner set out in her First Request for Production, Galina Weber

is also Urs Weber, her husband, and Silvio Weber, her brother-in-law.  See, First Request for Production, Definitions, ¶ 14.  This is improper because her co-defendants are not parties to her Petition.  When combined with the expansive definitions of the Respondents, the scope of the requested document production is beyond that permitted by the United States-Swiss MLAT Treaty, 27 U.S.T. 2019,or 28 U.S.C. § 1782(a).

Second, the procedure for discovery related to the Swiss criminal action should be the Federal Rules of Criminal Procedure as required by the United States-Swiss MLAT Treaty (Art. 4, s 1 and Art. 9, s 1.  The Treaty is the law of the United States and because it was enacted after 28 U.S.C. § 1782(a) the Treaty controls.  In addition, the Treaty specifically provides that its provisions control over other "municipal laws."  See, Treaty, Art. 38, s 1.  This Court should afford discovery for the Swiss criminal action guided by Treaty.  Anything else would be improper.  <u>In re Request from the Swiss Federal Dept. of Justice and Police</u>, 731 F.Supp. 490, 491 (S.D. Fla. 1990).  The Petition, moreover, fails to make a showing sufficient to obtain pretrial discovery under F.R.Cr.P. Rules 16 and 17(c).

Third, the defendants in the Swiss criminal action claim to have all the documents necessary to successfully defend themselves.  As sworn to by GASITERA's Swiss criminal counsel,  if Galina Weber and her co-defendants have the documents claimed, they are: (a) improperly not producing them in response to a written request; and (b) if the claimed documents were filed in the Swiss criminal case, the Swiss Magistrate would dismiss the case forthwith and discharge the defendants.  Therefore the requested discovery is not for use in the criminal case.  This shows that Galina

Weber and her co-defendants do not need discovery for the Swiss criminal action and that they are seeking discovery for a purpose not permitted under the Treaty or 28 U.S.C. § 1782(a).

Fourth, the Petitioner's definition "dividend" in her request for production is substantially wider than the "second tranche" dividend. In her Petition, Galina Weber alleges that she received the entire dividend she should have received from the "first tranche." The Swiss criminal action does not involve any issue relating to the "first tranche" dividend. Therefore, the dividend paid to the respondent shareholders for that tranche is not relevant and any discovery from them regarding the dividend for the first tranche is not for use in the Swiss criminal action. Request 4 is improper, too broad and unduly intrusive.

Fifth, the scope of Requests 1, 2, 3 and 5, to the extent the Petitioner contends they apply to discovery for the Swiss criminal action, are too broad and burdensome. The Swiss criminal action applies only to payment of a dividend for the "second tranche." This is a discrete event that Galina Weber claims to have been authorized by the Itera Group Board of Directors on May 28, 2005, and for which she received a partial payment on June 3, 2005.[2] The payment and/or transfer of funds between Respondents are too broad and intrusive. Mr. and Mrs. Kavalieros are joint owners of 2.5% of Itera Group stock while Lazar Finker and Raissa Frenkel are also husband and

---

[2] As Mr. Müller swears in his affidavit, he has investigated her claim of a dividend payment for the "second tranche" and determined that her payment was authorized by Urs Weber from a company called Ample Time Enterprises Ltd and not paid from an Itera Group account as occurred with the first tranche. See, Müller Affidavit, ¶ 9.

5

wife and each owns 2.5% of Itera Group stock. Moreover, the Swiss criminal case does not allege any payments and/or transfer of funds between Respondents. At most, it says that Itera Group paid a dividend to each Respondent (except a single payment to Mr. and Mrs. Kavalieros). The same applies to Request 3 for "communications." Request 5 is also too broad for the same reason plus "SUCO" is not defined nor does it appear anywhere in the Swiss criminal complaint. Finally, as to Request 6 that seeks documents relating to the "sale, purchase and/or transfer of Itera Group Shares," to "SUCO" and any third party is not an issue in the Swiss criminal case. Requests for such documentation for transfers prior to February 2006 (when they are alleged to have acquired Itera Group shares) is beyond the issues and facts, the discovery requested for the Swiss criminal proceeding indicates once again that Petitioner is fishing and is unduly intrusive and making burdensome requests.

Finally, Request 8 is without any doubt unduly intrusive, not for use in the Swiss criminal case and exceeds every notion of appropriate discovery. The Treaty restricts discovery as to tax matters and discovery of the tax materials should not be ordered. Moreover, the work papers, schedules, returns and other IRS forms have nothing to do with the issues raised in the Swiss criminal case. This request is similar in character to the defendants' threat to Mr. Müller that they intend to make disclosures at the trial they believe to be embarrassing or harmful to Itera Group. The request is not legitimate nor for use in the Swiss criminal proceeding. These people are not entitled to discovery of any tax returns and related papers.

Since the defendants have refused to disclose the documents in their possession

that provide a complete defense to the charges and this Court can properly require Galina Weber (as defined in her definitions) to produce these documents. She should be required to produce all the documents forthwith to Mr. Müller and the Swiss Magistrate before any discovery is ordered here. If they are telling the truth about the documents and they produce the documents, then the Swiss criminal case will be concluded and there will be no reason for discovery in this proceeding for the issues raised in the Swiss criminal case.

**(2)** **The requests for discovery in the Cyprus civil action are improper**

As with the Swiss criminal case, any discovery ordered herein should be limited to documents for use in the Cyprus civil case. The issues and allegations are discrete and narrowly limited in time.[3] The time period of January 1, 2003 up to the present exceeds the scope of the Cyprus civil action by years. As previously shown, the time period for the Cyprus action on the outside limits is August 2005 up to April 6, 2006. The persons at issue are limited to Itera Group, Sweet Water and Mr. Makarov. The transaction at issue is the propriety of Itera Group's increase in capital shares and alleged dilution of her ownership of Itera Group. Mrs. Weber has been told by the Attorney General's office of the Russian Federation that Itera Group shareholders who bought additional shares borrowed the money from Sweet Water. She had not asked for discovery from Sweet Water in the Cyprus civil action. If she did and the discovery confirms the results of the Attorney General's investigation, then she will not need the

---

[3] Without any doubt, Requests 4 and 8 do not apply to discovery for use in the

requested discovery from the Respondents.

The objections stated above for the Swiss criminal case as to Requests 1-3, 5-6 and 7 also apply to any discovery for use in the Cyprus civil action. All the requests are so broad, intrusive and burdensome that Respondents submit they should be denied in their entirety. None appear to be limited in their present language, definitions and instructions. Finally, Requests 4 and 8 are not applicable for discovery of documents for use in the Cyprus civil action.

## **CONCLUSION**

In view of the foregoing, the requests contained in Petitioner's First Request for Production should be quashed in their entirety. Alternatively, this Court should determine which requests apply to each specific foreign proceeding and then limit the request for production of documents to the defined proceeding, and postpone and condition respondents' production until after Galina Weber has complied with the reciprocal production in the Swiss criminal case, and obtained discovery from Sweet Water in the Cyprus civil case.

Respectfully submitted,

*s/ Charles B. Lembcke*
Charles B. Lembcke
Florida Bar No. 140285
Attorney for Respondents
Law Office of Charles B. Lembcke, P.A.
1300 Riverplace Boulevard, Suite 605
Jacksonville, Florida 32207
Telephone: (904) 355-5467
Facsimile: (904) 633-9328
E-Mail: cbl@cbllaw.com

---

Cyprus civil action.

## CERTIFICATE OF SERVICE

     I hereby certify that on June 12, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Lawrence J. Hamilton II, Esquire
>larry.hamilton@hklaw.com
>
>Daniel K. Bean, Esquire
>daniel.bean@hklaw.com
>
>Sarah Stoddard Toppi, Esquire
>sarah.toppi@hklaw.com

                                            *s/ Charles B. Lembcke*
                                                 Attorney