UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN THE MATTER OF THE APPLICATION
OF GALINA WEBER,

      Petitioner,

v.                                      CASE NO.: 3:07-mc-27-J-32MCR

FOR DISCOVERY FROM LAZAR S.
FINKER, an individual, RAISSA M.
FRENKEL, an individual, STEVEN
CHARLES KOEGLER, an individual,
WILLIAM E. CHATTIN, an individual,
THEODOROS J. KAVALIEROS, an
individual, and AFRODITI KAVALIEROS,
an individual,

      Respondents.
_____

**RESPONDENTS' OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER DATED APRIL 15, 2008 (DKT. #59) AND
APPEAL TO FEDERAL DISTRICT COURT**

Lazar S. Finker, Raissa M. Frenkel, Steven Charles Koegler, William E. Chattin,

Theodoros Kavalieros and Afroditi Kavalieros hereby file their appeal to Magistrate

Judge's Order dated April 15, 2008 (Dkt. #59) and appeal pursuant to 28 U.S.C. §

636(b)(1).  The Magistrate Judge rendered his Order pursuant to this Court's Order

dated November 30, 2007 (Dkt. #43).  A copy of the Magistrate Judge's Order of April

15, 2008 (Dkt. #59), is attached to this appeal as Exhibit A, and this Court's Order of

November 30, 2007 (Dkt. #43) is attached to this appeal as Exhibit B.

**Objections**

1.      This Court erred in referring this case to the Magistrate Judge for a final decision on the scope of permissible discovery and "authoriz[ing] the Magistrate Judge to enter an Order (as opposed to a Report and Recommendation) on the Motion to Compel which will be subject to review only if clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A)."

2.      This Court erred in the reference because the determination herein is the final disposition order of the case and 28 U.S.C. § 1782(a) authorizes only the "district court" to order a person residing in the judicial district to "produce a document or other thing for use in a proceeding in a foreign tribunal."

3.      This Court erred in not ordering the Magistrate Judge to make a recommendation to this Court for *de novo* review.

4.      The Magistrate Judge erred by setting a time for compliance only two (2) days after objections or appeal of his order is due because only a Title III judge can issue the order in this matter pursuant to 28 U.S.C. § 1782(a) and the determination herein is a final order of this proceeding.

5.      The Magistrate Judge erred in his "II. Analysis" (see Dkt. #59, p. 5) because the relationship between the Magistrate Judge and the District Court is a different relationship than between this District Court and the Eleventh Circuit.  His authority is set by statute and he exceeded his authority in issuing his April 15, 2008, Order (Dkt. #59).

6.      The Magistrate Judge erred by failing to apply the proper legal standard to the scope and limits of § 1782(a) discovery "for use in" the Swiss criminal case as to all

eight requests.

7.      The Magistrate Judge erred by failing to apply the proper legal standard to the scope and limits of § 1782(a) discovery "for use in" the Cyprus civil action as to all eight requests.

8.      The Magistrate Judge erred by ordering discovery as to Requests 1-8 for use in the Swiss Criminal case beyond documents "for use in" that case.

9.      The Magistrate Judge erred by ordering discovery as to Requests 1-8 for use in the Cyprus civil case beyond documents "for use in" that case.

10.      The Magistrate Judge erred in ordering production of documents responsive to Request #1 as to the Swiss criminal case for the time period June 1, 2004, to June 30, 2006.

11.      The Magistrate Judge erred in ordering production of documents responsive to Request #1 as to the Cyprus civil action for the time period May 1, 2004, to February 28, 2007.

12.      The Magistrate Judge erred in ordering documents from Itera Group or Mr. Makarov as defined in Request #1 for use in the Swiss criminal case.

13.      The Magistrate Judge erred in ordering documents from the Itera Group or Mr. Makarov as defined in Request #1 for use in the Cyprus civil case.

14.      The Magistrate Judge erred in ordering respondents to produce "documents relating to any communications between any of the Respondents and/or Itera Group and/or Makarov regarding payments, financial transfers, or other benefits conferred upon the Respondents from Itera Group or Mr. Makarov from May 1, 2004 to February 28, 2007" in response to Request #2.

15.     The Magistrate Judge erred in ordering production of documents in response to Requests #3 and #4 for the period May 1, 2004, to February 28, 2007.

16.     The Magistrate Judge erred in ordering production of documents responsive to Request #5 for the period May 1, 2004, to February 28, 2007.

17.     The Magistrate Judge erred in ordering production of documents responsive to Request #6 for the period August 1, 2004, to February 28, 2007.

18.     The Magistrate Judge erred in ordering production of documents responsive to Request #7 for the period August 1, 2004, to February 28, 2007.

19.     The Magistrate Judge erred in ordering production of Respondents' 2005 tax returns (Request #8).

## STATEMENT OF THE CASE

Gallina Weber, a defendant in a Swiss felony criminal case and plaintiff in a Cyprus civil action, has initiated an action in this Court pursuant to 28 U.S.C. § 1782(a) seeking discovery from third parties to the foreign judicial cases "for use in" the foreign proceedings.[1]  This statute grants authority specifically to the "district court" so that "the district court may order" a person residing in the judicial district "to produce a document or other thing for use in a proceeding in a foreign tribunal."  By this Court's order of November 30, 2007, this Court determined *de novo* that Ms. Weber's Amended Petition for Discovery in Aid of Foreign Proceedings be granted.  In other words, that Ms. Weber may be entitled to some discovery for use in the two separate foreign proceedings but

---

[1] Petitioner alleges this Court has exclusive jurisdiction of this matter pursuant to 28 U.S.C. 1782(a).  Dkt. #37, para. 9, pg. 3.  Respondents agree that any discovery herein is limited to that permitted by the statute.

did not determine the scope.[2]  The remaining question in this proceeding is the "final

decision on the scope of permissive discovery."  For this, this Court directed the

Magistrate Judge to make a final decision and authorized the Magistrate Judge to enter

an order "subject to review only if clearly erroneous or contrary to law."  28 U.S.C. §

636(b)(1)(A).  This case is solely for discovery and the decision to permit discovery and

its scope "for use in" is not part of pre-trial discovery for a case in this district or another

federal district.

In response, the Magistrate Judge rendered the April 5, 2008, Order (Dkt. #59).

In the Analysis section, the Magistrate Judge opined that the "trial court's exercise of

discretion regarding discovery orders will be sustained absent a finding of abuse of that

discretion to the prejudice of a party [citation omitted]."  In addition, United States v.

Proctor & Gamble Co., 356 U.S. 677, 682 (1958), is cited for the proposition that the

"overall purpose of discovery ... is to require disclosure of all relevant information so

that the ultimate resolution of disputed issues in any civil action may be based on a full

and accurate understanding of the true facts and therefore embody a fair and just

result."  The admonition of the Handbook of Middle District Discovery is quoted as

"discovery in this district should be practiced with a spirit of cooperation and civility."

The discovery here, however, is not pre-trial discovery for a trial in this or any other

---

[2] The motion to compel is a misnomer because the relief sought by the amended petition is that she "intends to serve each of the Florida Shareholders with a request for production of documents in accordance with the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1782(a).  A sample copy of a proposed subpoena and request for production which were served on the Respondents is attached as Exhibit F."  Dkt. #37, "C.  The Subpoenas," p. 14.  Ms. Weber prematurely filed her motion to compel.  See, Dkt. #2, p. 3, for Petitioner's explanation.

federal district.

Over the following thirteen (13) pages, the Magistrate Judge evaluated the eight (8) requests made by Ms. Weber.  Although Ms. Weber did not make any of the requests specific to either the Swiss criminal case or the Cypriot civil action, the Magistrate Judge undertook to order the required production with reference to the two actions but not specifically "for use in" one or the other.  (The Swiss and Cypriot actions involve different parties, except for Ms. Weber, involve different transactions, different claims, different time periods and the Swiss case is a criminal case and the Cyprus action a civil action.)

The Magistrate Judge has directed the Respondents "to produce the information noted in this Order no later than Thursday, May 1, 2008.  The time for objections and appeal is by April 29, 2008.  Respondents' objections and appeal is timely.  This Court has not ordered production "for use in" the Swiss criminal case or the Cyprus civil action pursuant to this § 1782(a) proceeding.

### 28 U.S.C. § 1782(a) Authorizes Only the District Court to Order Discovery

Congress authorized this limited action by enacting 28 U.S.C. § 1782(a).  Unlike other jurisdictional grants to this Court, this action is solely and exclusively a discovery action for use in foreign proceedings.  The statute specifically authorized the district court to grant or deny discovery for this limited purpose.  Despite this mandate, this Court by the November 30, 2007, Order (Dkt. #43), impermissibly delegated to the

Magistrate Judge the authority to issue a final order in this statutory proceeding.[3]

Phillips v. Beirwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006).  The jurisdiction of

magistrate judges is limited by statute and may not be augmented by the federal courts.

Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998).  While magistrate judges may

issue orders as to nondispositive pre-trial matters, they are only authorized to make

recommendations as to dispositive motions.  District Courts must make *de novo*

determinations as to dispositive motions if a party objects to the magistrate judge's

recommendations.  28 U.S.C. § 636(9b)(1)(B)(C).  The Magistrate Judge further erred

in asserting that the review of his Order was that of an appellate court's review of a

district court's order.  See, Dkt. #59, "Analysis," p. 5, citing Commercial Union Ins. Co.

v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

### The Magistrate Judge's April 15, 2008 Order is not Permitted Because the Matter to be Decided is Dispositive

Where as here when Congress has vested in the district court the authority to

order discovery for use in foreign proceedings against persons found within the district

court's judicial district, only the district court may order such discovery.  Such an order

is a final order (see Dkt. #43, para. 4 "final decision").  Phillips v. Beirwaltes, 466 F.3d at

1220; Kestrel Coal Pty. Ltd v. Joy Global, Inc., 362 F.3d 401, 403 (7th Cir. 2004); and

Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 n. 1 (3d Cir. 1999).  The authority to

---

[3] Respondents appealed this Court's November 30, 2008, as a final order.  The Eleventh Circuit raised the jurisdictional question if it was a final order because of this Court's direction to the Magistrate Judge in paragraph four (4) of the Order to enter a final order.  Ms. Weber argued that the order was not a final order and there would not be a final order until the order on the motion to compel was rendered.  The Eleventh Circuit dismissed the appeal.  Dkt. #58.

enter the order is granted exclusively to this District Court in this case. The directive to

the Magistrate Judge authorizing a final decision violates the United States Constitution,

Article III, and the Federal Magistrate's Act. "[T]he magistrate [judge] has no authority

to make a final and 'binding' ruling on a dispositive motion." United States v. Radditz,

447 U.S. 667, 673 (1980); Stephens v. Tolbert, 471 F.3d 1173, 1177-6 (11th Cir. 2006).

This Court's authorization to the Magistrate Judge to enter a final order that "will be

subject to review only if clearly erroneous or contrary to law" improperly delegates to the

Magistrate Judge the authority to enter a final disposition order. As the Supreme Court

further held in Radditz, "a district court may refer disposition to a magistrate for a

recommendation so long as the entire process takes place under the district court's

total control and jurisdiction, and the judge exercises the ultimate authority to issue an

appropriate order." *Id.* at 153. This Court's review of the Magistrate Judge's order

under the clearly erroneous or contrary to law standard fails to meet the Radditz

standard. If this Court is to delegate responsibility for assistance in determining this

final, appealable order, the Magistrate Judge must make a recommendation that is to

be reviewed by this Court *de novo*. Then this Court "may accept, reject, or modify, in

whole or in part the findings or recommendations made by the magistrate judge" and

may "recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. §

636(b)(1).

The determination of the scope of the permitted discovery for use in the Swiss

criminal case and Cyprus civil action and ordering of the discovery is a final dispositive

order. Compelling the discovery sought here is the ultimate and only relief in this

action. As a consequence, the relief is not a "pre-trial discovery motion." The referral to

the Magistrate Judge by the November 30, 2007 Order is improper and the Magistrate

Judge's Order of April 15, 2008, is beyond the Magistrate Judge's jurisdiction.  Only this

District Court may order a resident of this district "to produce a document or other thing

for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  The

Magistrate Judge lacks the authority to enter a final order in this case and setting the

time of May 1, 2008, for compliance.  This Court should either send this back to the

Magistrate Judge with proper instructions or independently consider the issues and

enter its own final order.

**The Magistrate Judge has Failed to Apply the Proper Scope
of Permissible Discovery for Use in the Swiss Criminal
Case and Cyprus Civil Action**

In compliance with the Magistrate Judge's Order of December 6, 2007 (Dkt.

#44), Respondents submitted their brief on Petitioner's Motion to Compel (Dkt. #45).

That response along with Respondents' Objections to Petitioner's First Request for

Production (Dkt. #45-3) are incorporated in full with these objections and appeal.

The Magistrate Judge's Order of April 15, 2008, did not discuss the standard to

be applied in determining the scope of permissible discovery for either the Swiss

criminal case or Cyprus civil action.  The citations to Commercial Union Ins. Co. V.

Westrope, 730 F.2d 729, 731 (11th Cir. 1984), and United States v. Procter & Gamble

Co., 356 U.S. 677, 682 (1958), do not address the scope of permissible discovery

under 28 U.S.C. § 1782(a).  The portion of Westrope cited relates to the appellate

standard applicable for an appellate court reviewing district court discovery

determinations, not to the standard for review by this Court of the Magistrate Judge's

submission or the "scope of permissible discovery."  In <u>Procter & Gamble</u>, the issue

was whether grand jury transcripts were discoverable in a civil antitrust case brought by

the United States – and the answer was no.[4]  The Magistrate Judge erred in assuming

the decision here is a pre-trial discovery motion and that the scope of permissible

discovery in this 28 U.S.C. § 1782(a) action for use in the Swiss criminal case and the

Cyprus civil action is controlled by either case.

The interpretative question for the "scope of permissible discovery" for the Swiss

criminal case and the Cypriot civil action is whether or not the requests for documents

are "for use in" either action.  Our circuit court has not addressed the issue.

### The Standard for the Scope of Permissible Discovery for Use in the Swiss Criminal Case is Limited

No one has addressed the "for use in" standard in the context of a foreign

criminal proceeding.  In determining assistance for Swiss criminal proceedings, the US-

Swiss Mutual Assistance Treaty, 27 U.S.T. 2019, 1977 WL 181784 (1977), ("MLAT")

decrees that the Federal Rules of Criminal Procedure determine the scope and

availability of discovery by either a prosecutor or defendant.  The "for use in" standard

in this case should be Rule 17(c), F.R.Cr.P.  Since pre-trial production from a third party

in criminal cases must meet the <u>United States v. Nixon</u>, 418 U.S. 683, 699-70 (1974),

requirements and Ms. Weber has not undertaken to meet the requirements, her

---

[4] The aspirational dicta referenced by the Magistrate Judge was limited by the Supreme Court's decision.  Moreover, the dicta was in a civil discovery context and not a criminal discovery one like here with the Swiss criminal case.  While this counsel embraces this aspirational goal to criminal cases, where one's life and liberty are at stake, United States courts do not apply this homily to criminal cases; discovery is limited significantly from that available under the Federal Rules of Civil Procedure.  See, <u>Weatherford v. Burney</u>, 429 U.S. 545, 559 (1977).

discovery requests for use in the Swiss criminal case should be denied.[5]  This is

supported by the second of the twin goals of the statute: encouraging foreign countries

by example to provide similar means of assistance to our courts.  See, <u>Schmitz v.</u>

<u>Bernstein, Liebhard & Lifshitz LLP</u>, 376 F.3d 79, 84 (2d Cir. 2004).  This discovery

standard has already been negotiated, formally agreed and enacted between

Switzerland and the United States regarding United States' assistance to Swiss criminal

proceedings.  This Court should enforce the US-Swiss MLAT criminal rules standard.

Alternatively, if this Court elects not to follow the US-Swiss MLAT's criminal rules

standard, then the scope of permissible discovery should be based upon whether or not

Ms. Weber intends in good faith to offer the requested information as evidence in the

Swiss criminal case.  See, <u>In re Application of Imanagement Services, Ltd</u>, 2006 W.L.

547949, *3 (D. N.J. 2006); Ms. Weber has not met this standard.  She only asserts that

the requested documents "may aid her criminal defense in the Swiss Action."  Dkt. #37,

p. 12.  Nowhere does Ms. Weber assert that she intends to offer any of the requested

documents into evidence.  The requests negate any such intention – she is on a wide

ranging fishing expedition.  This is particularly the case because Ms. Weber has a

wealth of information about the "second tranche dividend."  Her husband served as the

chief lawyer and head of the financial committee for Itera Group (as well as for Mr.

Makarov) from its inception in August 2004 up past the time of the alleged second

---

[5] Respondents' undersigned counsel expects future motions for 17(c) subpoenas
in federal criminal cases will advance this Court's overruling of the Magistrate Judge's
Order (Dkt. #43) in support of production based upon the Federal civil rules.  It would be
a violation of equal protection for this Court to grant a foreign criminal defendant greater
discovery than that permitted a United States criminal defendant.

tranche dividend in 2005.  She has available to her the full assistance of her husband

and codefendant to narrow her request for use in the Swiss criminal case the

documents she intends to offer in their defense.[6]  Ms. Weber has failed to make the

necessary showing to support this standard.

Finally, at most Ms. Weber should be entitled to those documents that are

relevant to the actual claims and defenses.  See, F.R.Civ.P. 26(b).  The criminal charge

is set out in the Complaint (Dkt. #39-4, 5 and 6).[7]  Her claim is that while she was paid a

second tranche dividend for her legal and beneficial 2.5 percent interest in Itera Group,

she was not paid the dividend for the 12 percent interest she holds for the benefit of an

undisclosed person.[8]  See, Dkt. #37, p. 12.  The relevant time of the claims and

defenses for the Swiss criminal case is for the period March 29 to June 3, 2005.  This is

the time period between when the first tranche dividend was paid (March 29, 2005) and

when she contends the second tranche dividend was paid to her and the Respondents

– but not the amount due her for the benefit of the undisclosed shareholder for whom

---

[6] As previously shown, when questioned by the Swiss Investigating Magistrate, Ms. Weber has deferred to her husband, Urs Weber, for the information.  A skillful and competent lawyer, he was the legal and financial architect of the Itera Group until mid 2005. See, Dkt. #18-2, pp. 3-5.

[7] It is notable that Ms. Weber only submitted the German text of the Criminal Complaint.  Instead, she presented her own version of the Criminal Complaint in her Amended Petition.  Respondents filed the English version.  The Complaint accurately sets out the claims and defenses.  Dkt. #39-4, 5 & 6.

[8] According to the criminal charges, the dividend of $1,028.560 she claims to have received for the second tranche came from Ample Time Enterprises, Ltd, at the direction of her husband on May 30, 2005.  Notably, she does not seek any documents from Respondents that relate to Ample Time.  See, Criminal Complaint, Dkt. #39-5, para. 40, p. 17; Dkt. #39-5, para. 81-83, pp. 12-13.

she has legal title to the shares but is not the beneficial owner (June 3, 2005).  See, Criminal Complaint, Dkt. #39-4, para. 40, p. 17.  There is no issue relating to the March 29, 2005, dividend (first tranche).  See, Criminal Complaint, Dkt. #39-5, para. 79-80, p. 11.  The March 29, 2005, dividend was the first dividend declared and paid by Itera Group.  The Magistrate Judge cited with favor Petitioner's responsive assertion to Respondents' objection that she "cannot rule out that the Second Tranche [dividend] may have been distributed to Respondents in conjunction with payment of the First Tranche."  Dkt. #59, p. 12.  Such an assertion is merely a speculative claim and since her husband passed upon all legal and financial aspects of Itera Group at the time of the first tranche, she knows that Respondents received the same $1,028,560 dividend payment she received on March 30, 2005, from Itera Group.  This speculation is insufficient to broaden the time period.

As she acknowledges, she acquired her 2.5 percent legal and beneficial share and the legal title to the 12 percent share (for another) in August 2004, when Itera Group was created and its initial capital shares were issued.  Any production for the time before the creation of Itera Group in August 2004, is not relevant and not within the scope of permissible discovery.  The Magistrate Judge erred in not limiting discovery to the limited period of March 29, 2005, to June 3, 2005, for use in her (and her husband's) defense of the Swiss criminal case.

### The Standard for the Scope of Permissible Discovery in the Cyprus Civil Action is for Documents Ms. Weber Intends in Good Faith to Introduce in the Trial of the Case

There is a paucity of cases addressing the "for use in" standard in foreign civil

13

actions.  Respondents submit the proper standard this Court should apply to the scope

of permissible discovery for use in the Cyprus civil action should be those documents

that Ms. Weber intends in good faith to seek to introduce as evidence in that case.

At the outset, the outermost parameters of the scope of permissible discovery

would be those documents relevant to the actual claims and defenses in the civil

actions.  Then, Ms. Weber must allege and demonstrate that she intends in good faith

to use the acquired documents in the case by seeking their introduction into the case.

Unless she makes the showing of good faith intent, she should not be entitled to

discovery.[9]

Ms. Weber's claims in the Cyprus case are:  (a) declaration that the

shareholders vote of November 27, 2005, is void and without legal effect; (b)

declaration that the December 16, 2005, Itera Group's Board of Directors' decision

providing each shareholder is entitled to acquire the new shares in an amount

proportionate to existing shares held is void and without legal effect; (c) an order

annulling the issuance of shares to shareholders in February 2006 that "was made

possible either by financing from Itera Group or an affiliated company and/or without

paying any capital;" and (d) damages resulting from the illegal decision of the

November 27, 2005, meeting and for damages resulting from the dilution of Petitioner's

---

[9] She has not made the showing.  Moreover, she and her husband have
declared "they possess all evidence necessary to prove they acted properly and did not
violate Swiss law."  Dkt. #10-2, para. 10, p. 7.  They also stated that they "had waited a
long time to disclose 'the big, unpublished matter' and were looking forward to a trial in
Switzerland to do so ... and added that the disclosure would cause 'big waves.'  See,
para. 48, Criminal Charges."  Dkt. #10-2, para. 12, p. 8.  This establishes that Ms.
Weber and her husband are seeking relief in this Court for ulterior purposes other than
documents for use in the Swiss criminal case.

shares in Itera Group.  Dkt. #10-3, para. 6, pp. 2-3; Dkt. #37-2, "And the Plaintiff

Claims," p. 9.  Her Statement of Claim, ultimately filed September 20, 2006, does not

allege anything about a dividend payment of the second tranche or seek any relief

related to this alleged dividend.  *Id*. para. 7, p. 3.

In her Amended Petition Ms. Weber misrepresents that the production of

documents related to the second tranche dividend are also "directly relevant" to the

Cyprus civil action.  Dkt. #37, p. 13.  They are not.  She has not met her burden that the

second tranche dividend is a claim in her Cyprus action.  Since the dividend is not part

of her civil claim and her requested relief, Petitioner's assertion is incorrect.  The scope

of discovery for which Petitioner is entitled is only that which is relevant to her claims

and the defendants' defenses that she in good faith intends to offer into evidence in the

Cyprus action.  Her requests are not sufficiently specific to the Cyprus civil action or her

claims.  Petitioner has failed to demonstrate the relevancy these requests could have to

her civil case pending in the Cyprus court and that she intends in good faith to seek

their introduction into evidence.  A district court can deny discovery where the

requested production is irrelevant to the causes of action.  Kang v. Noro-Moseley, 2007

WL 2478579 (11th Cir. 2004).  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th

Cir. 1999).  It is readily apparent that the eight requests so exceed or fail to meet the

Rule 26(b)(1) standard.

Her real claims in the Cyprus case are limited to her assertion that the Itera

Group Board improperly authorized additional capital shares and that the effect was to

dilute her interest in Itera Group.  She claims the Itera Group provided financing to the

other shareholders – including the Florida shareholders – to enable them to purchase

the new shares.  She, on the other hand, has asserted under oath in the Cyprus case that she "... was unable to raise money in order to participate in the capital increase ..." and that she "... was unwilling to invest further monies to acquire shares in [Itera Group]."  Dkt. #10-3, para. 20, p. 8.  Moreover, she[10] complained to the Attorney General's Office of the Russian Federation who responded in writing on June 3, 2006, that it found no evidence to support her complaint of Itera Group's improprieties alleged by her and that "the Itera Group shareholders named by her had received loans from Sweet Water to purchase their additional shares in Itera Group."  *Id.* para. 22, pp. 8-9.  Notably, she never mentioned much less named Sweet Water, a defendant in the Cyprus case, in her First Request for Production.  She has failed to seek any discovery in the Cyprus case that has been pending for two years.  Nevertheless, the Magistrate Judge ordered as to Requests 5 and 6 that Respondents produce all documents made by Sweet Water to Respondents.  This is error.

Furthermore, the Magistrate Judge erred in granting the wide time periods "for context."  The Cyprus claims are directed to the time period from when the Itera stockholders authorized the increase in capital shares (November 27, 2005) to the issuance of the shares and purchase by the Florida shareholders (end of February 2006).  Dkt. #37-2, "And the Plaintiff Claims," p. 9.  Ms. Weber claims the time period in the Cyprus action and only November 27, 2005, to the end of February 2006, and yet the Magistrate Judge ordered the time period to be April or May 2004 through February 28, 2007.  He opines this is necessary so that Ms. Weber "may gain sufficient context."

---

[10] While presently a citizen of the Principality of Monaco, she was born in and was a citizen of the Soviet Union.

This consideration is far too broad.  The "sufficient context" standard does not apply in 28 U.S.C. § 1782(a) actions for documents for use in foreign proceedings.  The Magistrate Judge's Order permits Ms. Weber to go fishing without having a good faith belief that she intends to seek the introduction of the documents into evidence in the Cyprus action.  Ms. Weber has failed to meet her burden.

## CONCLUSION

In view of the foregoing, this Court should either refer the permissible scope of discovery issue back to the Magistrate Judge with instructions or independently consider the permissible scope of discovery and motion to compel independently and to enter an appropriate final order as authorized by 28 U.S.C. § 1782(a).

Respectfully submitted,

*s/ Charles B. Lembcke*
Charles B. Lembcke
Florida Bar No. 140285
Attorney for Respondents
Law Office of Charles B. Lembcke, P.A.
1300 Riverplace Boulevard, Suite 605
Jacksonville, Florida 32207
Telephone: (904) 355-5467
Facsimile: (904) 633-9328
E-Mail: cbl@cbllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lawrence J. Hamilton II, Esquire
larry.hamilton@hklaw.com

Daniel K. Bean, Esquire
daniel.bean@hklaw.com

Sarah Stoddard Toppi, Esquire
sarah.toppi@hklaw.com

*s/ Charles B. Lembcke*
Attorney