**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN THE MATTER OF THE APPLICATION
OF GALINA WEBER,

      Petitioner,

vs.                                                                    Case No. 3:07-mc-27-J-32MCR

FOR DISCOVERY FROM LAZAR S. FINKER,
etc., et al.,

      Respondents.

_____

<u>**ORDER**</u>

      This case is before the Court for consideration of the Report and Recommendation of the Magistrate Judge (Doc. 112).  Petitioner has filed an objection to the Report and Recommendation (Doc. 115), to which respondents have filed a response (Doc. 122).  Respondents have also filed objections (Doc. 116), to which petitioner has responded (Doc. 121).

      The Magistrate Judge's Report and Recommendation succinctly recounts the tortured history of this matter.  Moreover, the undersigned is personally familiar with many aspects of this case because of my previous involvement.  I have now reviewed everything again <u>de novo</u> and have concluded that the Magistrate Judge is correct.  It is hereby

      **ORDERED:**

      1.    All objections and appeals regarding the Magistrate Judge's Report and Recommendation are **OVERRULED** and **DENIED**.  The Magistrate Judge's Report and

Recommendation (Doc. 112) is **AFFIRMED** (with one exception noted below) and is **ADOPTED** as the opinion of the Court.  This means that respondents have now adequately complied with the previous Orders of the Court and are not required to produce any further discovery.

2.     Unfortunately, adoption of the Magistrate Judge's Report and Recommendation also means that sanctions must be imposed on account of respondents' recalcitrance in producing documents and previous failure to abide by the Orders of the Court.[1]  While respondents' counsel has "fallen on his sword" and tried to take sole responsibility for any sanctionable conduct, the undersigned disagrees with the Magistrate Judge only to the extent that the Court finds that the sanctions to be imposed should be jointly and severally assessed against both respondents' counsel and respondents themselves.  See Fed. R. Civ. Proc. 37(b)(2)(C).  Given the contentious nature of this litigation to date and the unbelievable amount of paper already generated, the Court chooses to decide the amount of reasonable expenses to impose as a sanction without hearing further from the parties.  The Court hereby assesses Three Thousand Dollars ($3,000.00) against both respondents' counsel and respondents, jointly and severally, as both sanction and "reasonable expenses" caused by respondents' failure to comply with this Court's Orders.  This amount must be paid to petitioner **no later than February 1, 2010.**[2]

---

[1]Thus, Petitioner's Renewed Motion for Sanctions for Failure to Comply with this Court's Discovery Order Dated June 11, 2008 (Doc. 75) is **GRANTED** to the extent stated herein.

[2]Given the history of this litigation, the parties would each spend more than $3,000.00 litigating the proper amount of the sanctions.  This would be counterproductive for all concerned.  Therefore, the Court has chosen a sanction amount which, based on its experience and knowledge of the facts and circumstances of this case, it believes to be appropriate.

3.      Having completed all matters in this case, the Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of December, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Honorable Monte C. Richardson, U.S. Magistrate Judge
Counsel of Record